UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOHN W. WASSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:02-cv–90-SEB-WGH |
| ) | |
| PEABODY COAL CO., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON FIRST MOTION TO COMPEL**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the First Motion to Compel filed by the plaintiff. (Docket Nos. 6, 8). Peabody Coal Company's Response and Objection to the Plaintiff's Motion to Compel was filed on December 15, 2006. (Docket No. 20). Plaintiff's Reply Memorandum was filed on January 4, 2007. (Docket No. 26).

Plaintiff moves to compel answers to two interrogatories, Nos. 8 and 28, which provide as follows:

8. With regard to all coal delivered under the Amended Coal Supply Agreement, what were/are the freight charges for coal delivered in the specified manner from Lynnville Mine to Petersburg Station at all times relevant to the Agreement between the Buyer and Seller?

28. Provide all data and information used to calculate any and all royalty payments made to Plaintiff pursuant to any leases which are the subject of this action.

Rule 33(d) provides that where the answer to an interrogatory may be derived from business records, and the burden of deriving the answer to the interrogatory is substantially the same for both parties, it is a sufficient answer to an interrogatory

to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine and inspect such records. The rule provides that the specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

In this case, the interrogatories were initially served on June 19, 2003. At the time the interrogatories were served, plaintiff was seeking information for royalty payments which extended over a 20-year period of time.

By agreement of the parties, inspection of business records occurred January 13-15, 2004. At that time, the defendant provided over 100 boxes consisting of over 100,000 pages of materials for the inspection. After the inspection occurred, plaintiff complained that the materials – voluminous as they were – were not complete. On March 12, 2004, counsel for the defendant advised the plaintiff that 15 more boxes of materials had been found and a second inspection of those materials occurred on March 31, 2004. On April 8, 2004, plaintiff, by letter, complained to defendant that certain types of documents were found within the materials that were produced but that not all forms or documents which could have reasonably been expected to be present were in fact within the materials provided. On April 19, 2004, defendant responded by letter indicating that all materials had been produced that were accessible through the defendant's record system, that the records had been produced in the manner in which they were kept by the business, and that there were no further responsive documents to either of the two interrogatories in question.

The motion to compel in this case was not filed until December 1, 2006, which is now less than two months before the currently set jury trial.

In opposition to the motion to compel, the defendant first raises the issue of whether this motion is untimely.  At first blush, failing to file a motion to compel for two and one-half years after this dispute was readily apparent would seem to be improper.  However, in this case, both of the original defendants in this case filed motions for summary judgment in March 2004, just at the time the discovery disputes were coming to fruition.  Both motions asked for complete disposition of the case.  The motions were fully briefed by the end of July 2004.  Those motions remained pending before the court for an uncharacteristically long period of time – and were not resolved until August 9, 2006 – a period of over two years.  The resolution of the motion has caused the dismissal of the plaintiff's claim against Indianapolis Power and Light Company and substantially limited the claim against Peabody Coal Company – particularly limiting the time period which is relevant to this lawsuit in a substantial manner.  It was not imprudent of the plaintiff to wait to file the motion to compel until the resolution of the pending summary judgment motions.  Therefore, the defendant's objection that the motion to compel is untimely filed is **DENIED.**

The question which remains is whether the defendant's answer – in this case, their decision to provide the business records for inspection – complies with the rule.  Rule 33(d) does require that when an answering party chooses to answer an interrogatory by specifying the records from which the answer may be derived, the specification "shall be in sufficient detail to permit the interrogating party to locate

and to identify, as readily as can the party served, the records from which the answer may be ascertained." This requires the responding party to do something more than simply point the requesting party to a room full of boxes. On the other hand, the responding party does have to respond to particular interrogatories, and when those interrogatories are unduly broad, the responding party may have a great deal of difficulty in responding with a specification which is in sufficient detail.

Both Interrogatory Nos. 8 and 28 are quite broad in scope. Interrogatory No. 8 requested "[w]ith regard to <u>all</u> coal delivered under the Amended Coal Supply Agreement, what were/are the freight charges . . . at <u>all</u> times relevant to the Agreement. . . .?" (Emphasis added.) At the time this interrogatory was asked, more than 20 years of data might have been relevant and necessary to find that information. Pursuant to the court's ruling on summary judgment, now a period of five years is likely relevant. Likewise, with respect to Interrogatory No. 28, plaintiff requested "<u>all</u> data and information used to calculate any and <u>all</u> royalty payments. . . ." (Emphasis added.)

In resolving this discovery dispute, the Magistrate Judge therefore finds that each side has thrown a little coal sludge into the discovery dispute processing hopper. The plaintiff's interrogatories requested exceptionally broad information and made it difficult for the defendant to provide an appropriate specification of records. At the same time, simply providing hundreds of boxes with hundreds of thousands of pages of documents does not meet the defendant's responsibility to provide a specification "in sufficient detail" to answer the interrogatories. In fashioning a resolution of the dispute where each side bears some fault for the inability to resolve

the matter, and in light of the impending trial date, the Magistrate Judge hereby **GRANTS, in part,** and **DENIES, in part,** the motion to compel as follows. The parties agree that a document known as "The Mancel-Robinson Report" is the most readily available summary of admittedly imperfect data which exists to resolve the question of whether the proper amount of royalties have been paid in this case. The defendant is directed to file supplemental answers to Interrogatory Nos. 8 and 28 based upon The Mancel-Robinson Report and all underlying documentation used in producing that report. To the extent that there are documents, invoices, or other pieces of data utilized to prepare that report, defendant shall provide a specification stating in some detail (*e.g.,* by Bates numbers or by description of which specific box and/or category of document) which particular records they have searched and which they intend to produce at trial to buttress the conclusions in that report. The time period for any such documentation shall be limited to the five-year period of time currently specified by District Judge Sarah Evans Barker in her prior decision. The responsive answers shall be served not later than twenty (20) days after the date of this order.

You are hereby notified that the District Judge may reconsider any pre-trial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** 01/18/2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Winfrey P. Blackburn Jr.
BLACKBURN HUNDLEY & DOMENE
winfreyb@hotmail.com

David Domene
BLACKBURN HUNDLEY & DOMENE
ddomene@bhdlawky.com

James Marion Gary
WEBER & ROSE P.S.C
jgary@weberandrose.com

Richard T. Mullineaux
KIGHTLINGER & GRAY, LLP
rmullineaux@k-glaw.com