UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN W. WASSON,<br>    Plaintiff, | )<br>)<br>) | |
| vs. | ) | 4:02-CV-90-SEB-WGH |
| | ) | |
| PEABODY COAL COMPANY and<br>INDIANAPOLIS POWER & LIGHT CO.,<br>    Defendants. | )<br>)<br>) | |

**ENTRY GRANTING IP&L'S UNOPPOSED MOTION STAYING ALL PROCEEDINGS RELATED TO ITS BILL OF COSTS [DOC. NO. 2] AND DENYING IP&L'S MOTION FOR ATTORNEYS FEES [DOC. NO. 3]**

This matter is before the Court on the pending attorneys fees and bill of costs motions filed by Defendant, Indianapolis Power & Light ("IP&L"). First, IP&L seeks an order holding all proceedings related to its Bill of Costs in abeyance, pending consummation of an agreed resolution between plaintiff John W. Wasson ("Mr. Wasson") and IP&L regarding IP&L's entitlement to litigation costs.[1] Second, IP&L requests an assessment of attorneys fees pursuant to Federal Rule of Civil Procedure 54.1(d)(2). For the following reasons, IP&L's motion to stay proceedings related to its Bill of Costs is GRANTED and its motion for attorneys fees is DENIED.

Regarding IP&L's Bill of Costs, on March 17, 2007, the parties reported that they

---

[1] IP&L's motion refers to Doc. No. 1 and Doc. No. 17; however, Docket No. 1 is a notice that the electronic docket is being continued from the Court's Judicial Automated Management System. The Bill of Costs can be found at Doc. No. 2.

agreed to a suitable amount for IP&L's litigation costs and are in the process of consummating the agreement at which time IP&L will withdraw its Bill of Costs. Given the parties' pending settlement agreement, we find that IP&L's unopposed motion should be and hereby is granted.

IP&L contends that it is entitled to attorney fees under Indiana Code § 34-52-1-1 because Mr. Wasson filed "frivolous, unreasonable, or groundless" federal and Indiana antitrust claims and continued to litigate those fatally flawed claims after he knew or should have known they were not viable. Mr. Wasson argues that an action is neither groundless nor frivolous merely because a party loses on the merits. Pl.'s Resp. at 2, citing Davis v. Sponhauer, 574 N.E.2d 292, 302 (Ind. Ct. App. 1991); Chrysler Motor Corp. v. Resheter, 637 N.E.2d 837, 840 (Ind. Ct. App. 1994). He goes on to explain his "reasonable belief" in his antitrust theory and how this theory was supported by the four expert witnesses he retained. Pl.'s Resp. at 2-3. For the reasons explained below, we hold that Mr. Wasson's antitrust claims were not frivolous, unreasonable, or groundless and therefore DENY IP&L's motion for assessment of attorneys fees.

IP&L's claim for attorneys fees is based on Indiana Code § 34-52-1-1(b), which provides:

> (b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> (1)   brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>
> (3) litigated the action in bad faith.

This "statute is in derogation of the common law rule that a prevailing party generally cannot be awarded attorney fees. [And], we must be mindful of the probability that an award of attorney fees is likely to deter the bringing of suits and have a chilling effect on a party's access to the courts." Kahn v. Cundiff, 533 N.E.2d 164, 170 (Ind. App. 1989), opinion adopted on transfer, 543 N.E.2d 627 (Ind. 1989) (construing predecessor version of § 34-52-1-1 with identical "frivolous, unreasonable or groundless" language). Indiana courts have interpreted and applied this statute in a manner which balances the legislative purpose–which is to deter frivolous, unreasonable, groundless and bad faith litigation–with the attorney's duty to zealously represent his or her clients within the bounds of the law. Id.

In this case, it is clear that IP&L is the prevailing party, consistent with our grant of summary judgment in its favor on August 9, 2006, holding that Plaintiff did not have the requisite antitrust standing to maintain his claims. Final judgment on that claim was entered pursuant to Rule 54(b) on November 13, 2006. Even so, we do not believe that attorneys fees are warranted because Wasson's antitrust claims, while unsuccessful, were not frivolous, unreasonable, groundless or litigated in bad faith. In Kahn, the Indiana Court of Appeals stated:

> We hold that a claim or defense is "frivolous" (a) if it is taken

>primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.

533 N.E.2d at 170. There is no evidence that this suit was brought to harass or maliciously injure IP&L, and, although he ultimately did not prevail, Wasson's counsel was able to make a good faith and rational argument on the merits of the action, which we believe would have required a reversal of existing law to succeed. In fact, on January 9, 2003, we entered an Order Denying IP&L's Motion to Dismiss finding that Wasson's complaint stated a claim upon which relief could be granted and that this case could go forward.[2] Certainly at that time, this Court was of the view that Wasson had set forth a cognizable claim. Thus, IP&L's motion for attorneys fees must be DENIED.

## CONCLUSION

Accordingly, the unopposed motion to hold proceedings related to IP&L's Bill of Costs is granted and IP&L's motion for attorneys fees is denied. IT IS SO ORDERED.

Date: 07/19/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2] IP&L states that through October 2006 it has expended over $370,000 in fees, an amount which demonstrates that IP&L expended substantial effort in fending off Wasson's antitrust claims. IP&L's Br. in Supp. at 13. Arguably, this sizeable amount of fees suggests that considerable legal effort was required to respond to Wasson's claims stated otherwise, they were not "frivolous, unreasonable or groundless."

Copies to:

James M Gary
Weber & Rose
2400 Aegon Center
400 W Market St
Louisville, KY 40202

Winfrey P Blackburn Jr
Blackburn Hundley & Domene
614 West Main Street, Suite 3000
Louisville, KY 40202

David Domene
Blackburn Hundley & Domene
614 West Main Street, Suite 3000
Louisville, KY 40202

Robert P Fitz-Patrick
Hall Estill Hardwick Gable Golden
320 South Boston Avenue, Suite 400
Tulsa, OK 74103-3708

Richard T Mullineaux
Kightlinger & Gray
4106 Charlestown Rd
New Albany, IN 47150

James M Reed
Hall Estill Hardwick Gable Golden
320 South Boston Ave, #400
Tulsa, OK 74103-3708

Pamela H. Goldberg
Hall Estill Hardwick Gable Golden
320 South Boston Avenue, Suite 400
Tulsa, OK 74103-3708